**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50414 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00675-JAH |
| v. | |
| CONRADO HERNANDEZ-LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 15, 2011**

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Conrado Hernandez-Lopez appeals from his conviction following a jury trial

for being a deported alien found in the United States, in violation of 8 U.S.C.

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Hernandez-Lopez contends that the district court erred in denying his motion to dismiss the indictment, where the prior removal alleged in the indictment resulted from a fundamentally unfair deportation proceeding. Specifically, he argues that the immigration judge failed to advise him individually during his removal proceeding that he was eligible for voluntary departure.

The district court did not clearly err by finding that Hernandez-Lopez failed to establish that the underlying removal order was unfair. *See United States v. Hinojosa-Perez*, 206 F.3d 832, 835 (9th Cir. 2000). Hernandez-Lopez has not shown that there was a plausible ground for relief from deportation. *See United States v. Muro-Inclan*, 249 F.3d 1180, 1186 (9th Cir. 2001) ("A finding of plausibility [in this case] would require a finding of plausibility, and therefore prejudice, in almost every case.") Accordingly, any due process violation did not prejudice him. Since we agree with the district court's determination on the issue of prejudice, "we need not remand to the district court for further consideration." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004).

**AFFIRMED.**

10-50414